UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON HAYGOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. RUIZ, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-1698 AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 7, 8. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

　　I.　　IN FORMA PAUPERIS APPLICATION

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  See ECF Nos. 7, 8. Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

III. THE COMPLAINT

Plaintiff brings a single claim of retaliation in violation of his First Amendment rights against Lt. Ruiz and Officer Doe. The complaint alleges as follows. On September 26, 2018, plaintiff was escorted from the dayroom to a vacant room where Lt. Ruiz, Lt. Amaral, and three other officers were waiting. See ECF No. 1 at 3. Lt. Amaral stated she was there to conduct a hearing on a rules violation report ("RVR") plaintiff had received the previous month.

During the hearing, plaintiff told Lt. Amaral that his due process rights were being violated because the charges did not match the cited regulation, and that he was going to sue her. See ECF No. 1 at 3. Lt. Ruiz then asked if plaintiff was threatening the senior hearing officer. See id. When plaintiff responded that he had the right to sue if his rights were being violated, Lt. Ruiz said "You're done," and instructed Officer Doe to handcuff plaintiff and lock him in his cell for the rest of the night. Doe complied. When plaintiff asked Lt. Ruiz why he was being cuffed and locked in his cell, Ruiz responded, "Because you threatened to sue the senior officer."

Shortly thereafter, as the hearing officers, Ruiz and Doe were exiting the building, plaintiff told Ruiz that it was his dayroom time. Lt. Ruiz responded, "If you want to program outside of your cell more often instead of being locked in that cell, you should think about that before you start threatening to sue people." See ECF No. 1 at 4.

During the incident, plaintiff never became violent or belligerent; he was never issued an RVR for disrespecting staff or for engaging in behavior that could lead to violence, nor was he placed on administrative segregation status. On appeal, it was determined that "there was a due process violation discovered following the adjudication of the RVR."

IV. CLAIM FOR WHICH A RESPONSE IS REQUIRED

To state a claim for retaliation, plaintiff must allege facts establishing that (1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff has adequately stated a retaliation claim against Lt. Ruiz.

////

Because filing a lawsuit is protected First Amendment conduct, prison officials may not retaliate for a threat to file a lawsuit. See Entler v. Gregoire, 872 F.3d 131, 1042 (9th Cir. 2017) ("it is illogical to conclude that prison officials may punish a prisoner for threatening to sue when it would be unconstitutional to punish a prisoner for actually suing."). Accordingly, plaintiff has adequately alleged that he engaged in protected conduct. And plaintiff's allegations about Lt. Ruiz's statements demonstrate an intent to retaliate for that protected conduct, satisfying the causation element.

The adverse action and chilling effect inquiries are closely related, Brodheim v. Cry, 584 F.3d 1262, 1269-1270 (9th Cir. 2009), and require "more than minimal" harm, Rhodes, 408 F.3d at 568, n. 11. The complaint does not specify how long plaintiff was locked inside his cell and denied dayroom access, so the court cannot assess whether there was more than minimal completed harm. However, Lt. Ruiz also allegedly threatened to continue such actions if plaintiff persisted in his protected activities. Threats of adverse action are sufficient to support a retaliation claim. Brodheim, 584 F.3d at 1270.

Accordingly, plaintiff has stated a retaliation claim against Lt. Ruiz and he will be required to answer.

V.    **FAILURE TO STATE A CLAIM**

The facts do not support a retaliation claim against Officer John Doe. Doe is alleged to have brought plaintiff to the RVR hearing, and to have followed Ruiz's order to take him back to his cell and lock him in. The facts alleged in the complaint do not demonstrate any retaliatory animus on Doe's part, and he was not the one who decided to lock plaintiff into his cell. Accordingly, plaintiff has not stated a retaliation claim against Doe. If plaintiff knows of additional facts that would demonstrate Doe's direct responsibility for the alleged retaliation, he may add them in an amended complaint.

VI.   **OPTIONAL LEAVE TO AMEND**

Plaintiff has a choice to make: he may either (1) proceed without further delay against defendant Ruiz on his retaliation claim, voluntarily dismissing defendant Doe; or (2) delay

////

service of Lt. Ruiz, and amend his complaint in an attempt to cure the defects in the claim against Officer Doe.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claim against defendant Ruiz without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of defendant Doe.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

VII. **PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF**

Your complaint has been screened and found to state a retaliation claim against Lt. Ruiz but not against Doe. According to your complaint, Lt. Ruiz is the one who decided to have you locked into your cell in retaliation for threatening to sue the hearing officer, and who threatened you with further retaliation. If you want to drop your claim against Doe, the court will have the complaint served against Lt. Ruiz right away and you may proceed against him. If you want to try to fix your claim against Doe, you may delay serving Lt. Ruiz and file an amended complaint to add more facts about Doe. Please use the enclosed form to tell the court what you want to do.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Within fourteen days of the date of this order, plaintiff shall inform the court in writing that either:

   a. He wishes to proceed only on the cognizable claims identified herein, <u>and</u> he voluntarily dismisses any and all other defendants and claims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), or

   b. He wishes to file a first amended complaint.

Failure to take one of these courses of action within the time allotted may result in the dismissal of this action for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b); <u>see</u> also L.R. 110, and

4. Should plaintiff opt to file a first amended complaint, he shall have thirty days from the date of this order within which to do so.

DATED: April 8, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON HAYGOOD<br><br>        Plaintiff,<br><br>   v.<br><br>R. RUIZ, et al.<br><br>        Defendants. | No.  2:20-cv-1698 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

<u>CHECK ONE:</u>

_____   Plaintiff would like to proceed immediately on his First Amendment retaliation claim against defendant Lt. R. Ruiz.   By choosing to go forward without amending the complaint, plaintiff consents to the dismissal without prejudice of the retaliation claim against defendant John Doe.

_____   Plaintiff would like to amend the complaint.

DATED: _____

                                                                       DEON HAYGOOD<br>
                                                                       Plaintiff Pro Se